LIONEL Z. GLANCY (#134180)
MICHAEL GOLDBERG (#188669)
GLANCY BINKOW & GOLDBERG LLP
1801 Avenue of the Stars, Suite 311
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
info@glancylaw.com

*Attorneys for Movant, Locals 302 and 612 of the International Union of Operating Engineers-Employers Construction Industry Retirement Trust*
*[Additional Counsel on Signature Page]*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL FAIRSERVICE, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>WILSHIRE BANCORP, INC., JOANNE KIM and ALEX KO,<br><br>Defendants. | No. CV11-2645-VBF (PJWx)<br><br>CLASS ACTION<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF LOCALS 302 AND 612 OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS-EMPLOYERS CONSTRUCTION INDUSTRY RETIREMENT TRUST FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL**<br><br>Date: June 27, 2011<br>Time: 1:30 p.m.<br>Courtroom: 9<br>Honorable Valerie Baker Fairbank |

No. CV11-2645-VBF (PJWx)
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF LOCALS 302 AND 612 OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS-EMPLOYERS CONSTRUCTION INDUSTRY RETIREMENT TRUST FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL

1

## MEMORANDUM OF POINTS AND AUTHORITIES

Locals 302 and 612 of the International Union of Operating Engineers-Employers Construction Industry Retirement Trust (the "Trust" or "Movants") respectfully submit this memorandum of points and authorities in support of its motion for appointment as lead plaintiff and approval of Movant's selection of lead counsel.

## I. FACTUAL BACKGROUND

This is a securities class action on behalf of purchasers of Wilshire Bancorp, Inc. ("Wilshire Bancorp" or the "Company") securities between March 15, 2010 and March 16, 2011, inclusive (the "Class Period"), seeking to pursue remedies under the Securities Exchange Act of 1934 (the "Exchange Act").

Wilshire Bancorp is the holding company of Wilshire State Bank a California state-chartered bank that operates 24 branch offices in California, Texas, New Jersey and New York, and six loan production offices in Dallas, Houston, Atlanta, Denver, Annandale, Virginia and Fort Lee, New Jersey, and is an SBA-preferred lender nationwide.

The complaint alleges that throughout the Class Period Defendants made false and misleading statements and/or failed to disclose material adverse facts about the Company's business, operations and prospects. Specifically, Defendants misrepresented or failed to disclose that: (1) the Company had deficiencies in its underwriting, origination, and renewal processes and procedures; (2) the Company was not adhering to its underwriting policies; (3) the Company lacked adequate internal and financial controls; and (4), as a result of the above, the Company's statements were materially false and misleading at all relevant times.

On January 24, 2011, Wilshire Bancorp reported a net loss of $30.0 million, or $1.02 per share, for its 2010 fiscal fourth quarter. The Company attributed the

fourth-quarter 2010 net loss to a $65.5 million provision for loans losses, which was largely driven by the disposal of a significant number of problem assets through note sales and charge-offs. As a result of this news, Wilshire Bancorp shares declined $0.40, or 6%, to close on January 25, 2011, at $6.35 per share, on unusually heavy trading volume.

Then, on March 16, 2011, Wilshire Bancorp disclosed that the Company had conducted an internal investigation with assistance of outside independent professional firms and the Company's internal audit department and discovered a significant deficiency in the operating effectiveness of loan underwriting, approval and renewal processes for those loan originations and asset sales associated with a former loan officer. Further, the Company disclosed that these processes lacked effective supervision and oversight and the Company's operating efficiencies were hindered by the former chief executive officer and other management personnel.

Following this news, the price of Wilshire Bancorp stock declined $0.54 per share, more than 9%, to close on March 17, 2011, at $5.27 per share, on unusually heavy volume. The following day, Wilshire Bancorp shares further declined another $0.42, or 7.97%, to close on March 18, 2011, at $4.85.

## II.     PROCEDURAL HISTORY

Plaintiff Michael Fairservice ("Fairservice") commenced the above-captioned action on March 29, 2011, and on that day counsel for Fairservice published a notice on *Business Wire* announcing that a securities class action had been initiated against Defendants herein. *See* Declaration of Michael Goldberg In Support of Motion of Locals 302 and 612 of the International Union of Operating Engineers-Employers Construction Industry Retirement Trust For Appointment As Lead Plaintiff and Approval of Lead Counsel (the "Goldberg Declaration"), submitted herewith at Exhibit A.

No. CV11-2645-VBF (PJWx)
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF LOCALS 302 AND 612 OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS-EMPLOYERS CONSTRUCTION INDUSTRY RETIREMENT TRUST FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL

2

Movant brings the instant motion pursuant to plaintiff Fairservice's published notice of pendency, and files this motion prior to expiration of the 60-day period from publication of the March 29, 2011 notice.[1]

## III. ARGUMENT

### A. The Trust Should Be Appointed Lead Plaintiff

Section 21D(a)(3)(B) of the PSLRA provides the procedure for selecting lead plaintiff in class actions brought under the Exchange Act. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 60 days after the date of publication of the notice, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. §78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" to serve as lead plaintiff is the person or group of persons that:

(aa)  has either filed the complaint or made a motion in response to a notice. . . ;

(bb)  in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc)  otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii). *See In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002)

---

[1] Computed from the March 29, 2011, notice of pendency, the 60-day period for filing motions for appointment of lead plaintiff ended Saturday, May 28, 2011. Not including Sunday, May 29, and the May 30 federal observance of Memorial Day, Movant is timely filing the instant motion pursuant to F.R.Civ.P. 6(a), which provides in relevant part that "in computing any time period specified in these rules...or in any statute that does not specify a method of computing time...if the last day is a *Saturday, Sunday, or legal holiday*, the period continues to run until the end of the next day" that is not one of the aforementioned days. (Emphasis added.)

No. CV11-2645-VBF (PJWx)
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF LOCALS 302 AND 612 OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS-EMPLOYERS CONSTRUCTION INDUSTRY RETIREMENT TRUST FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL

3

As set forth herein, the Trust satisfies all three of these criteria, and thus is entitled to the presumption that it is the "most adequate plaintiff" for the Class.

### 1. The Trust Is Making A Motion In Response To A Published Notice

On March 29, 2011, plaintiff Michael Fairservice filed a class action complaint alleging violations of federal securities laws against Wilshire Bancorp and certain of the Company's executive officers, and on that day, pursuant to §21D(a)(3)(A)(i) of the PSLRA, counsel for Fairservice published a notice of pendency of plaintiff's case on *Business Wire* – a widely circulated national business-oriented wire service[2] – announcing that a securities class action had been filed against defendants herein, and advising purchasers of Wilshire Bancorp securities that they had 60 days from the publication of the March 29, 2011 notice to file a motion to be appointed as lead plaintiff.

Movants files the instant motion pursuant to plaintiff Michael Fairservice's published notice, and submit herewith Movants' sworn certifications attesting that Movants are willing to serve as representatives of the Class and willing to provide testimony at deposition and trial, if necessary. *See* Goldberg Declaration, Exhibit B.

### 2. The Trust Has The Largest Financial Interest In This Action

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. §78u-4(a)(3)(B). *In re Cavanaugh*, 306 F.3d at 730.

Here, Movant purchased 50,700 shares of Wilshire Bancorp during the Class Period, and as a result has suffered financial losses of $73,511.39. *See*

---

[2] *See Yousefi v. Lockheed Martin Corp.*, 70 F. Supp. 2d 1061, 1067 (C.D. Cal. 1999).

No. CV11-2645-VBF (PJWx)
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF LOCALS 302 AND 612 OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS-EMPLOYERS CONSTRUCTION INDUSTRY RETIREMENT TRUST FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL

4

Goldberg Declaration, Exhibit C. To the best of their knowledge, Movant believes it has the largest financial interest in this case among Class members who filed timely applications for appointment as lead plaintiff, and accordingly is presumed to be the "most adequate plaintiff." *See In re Cavanaugh*, 306 F.3d at 730.

### 3. The Trust Satisfies The Requirements Of Rule 23 Of The Federal Rules Of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a).

In making its determination that a lead plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification. A *prima facie* showing that a PSLRA movant satisfies the requirements of Rule 23 is sufficient. *In re Cavanaugh*, 306 F.3d at 731. Courts thus limit their inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until class certification. *See Takeda*, 67 F. Supp. 2d., at 1136 (citations omitted).

#### a. Movant's Claims Are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to the other class members' claims, and plaintiff's claims are based on the same legal theory. *See Takeda* 67 F. Supp. 2d., at 1137. Here, Movant's claims are typical of the claims

No. CV11-2645-VBF (PJWx)
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF LOCALS 302 AND 612 OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS-EMPLOYERS CONSTRUCTION INDUSTRY RETIREMENT TRUST FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL

5

asserted by Class. Movant, like all members of the Class, alleges that Defendants violated federal securities laws by publicly disseminating false and misleading statements concerning Wilshire Bancorp's business, operations and financial prospects. Movant, like all members of the Class, purchased Wilshire Bancorp securities at prices artificially inflated by defendants' misrepresentations and omissions, and was damaged thereby. Thus, Movant's interests are closely aligned with other Class members', and, therefore, typical of the other members of the Class. *Id.*

### b. Movant Is An Adequate Representative

The adequacy of representation requirement of Rule 23 is satisfied where it is established that a representative party "will fairly and adequately protect the interest of the class." Accordingly:

> The Ninth Circuit has held that representation is "adequate" when counsel for the class is qualified and competent, the representative's interests are not antagonistic to the interests of absent class members, and it is unlikely that the action is collusive.

*Takeda,* 67 F. Supp. 2d at 1137 (citation omitted). The class representative must also have "a sufficient interest in the outcome of the case to ensure vigorous advocacy." *Id.*

Movant has demonstrated its adequacy as lead plaintiff by evincing a strong desire to prosecute this action on behalf of the Class. Movant has communicated with competent, experienced counsel concerning this case, and has made this motion to be appointed lead plaintiff. Movant also sustained significant financial losses from its investments in Wilshire Bancorp securities and is, therefore, extremely motivated to pursue the claims in this action. *See* Goldberg Declaration, Exhibit C. Moreover, "no evidence exists to suggest that [Movant is] antagonistic to other members of the class or their attorneys, thereby meeting the adequacy of representation requirement." *Yousefi,* 70 F. Supp. 2d at 1071.

No. CV11-2645-VBF (PJWx)
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF LOCALS 302 AND 612 OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS-EMPLOYERS CONSTRUCTION INDUSTRY RETIREMENT TRUST FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL

6

### 4. The Trust Is Presumptively The Most Adequate Plaintiff

The presumption in favor of appointing Movant as lead plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

    (aa)    will not fairly and adequately protect the interest of the class; or

    (bb)    is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78 u-4(a)(3)(b)(iii)(I).

The presumption that the Movant herein is the most adequate plaintiff is not, therefore, subject to rebuttal. Movant is not aware of any unique defenses defendants could raise it that would render Movant inadequate to represent the Class. Movant has suffered substantial financial losses – in excess of $72,000 – and believes it has the largest financial interest in this case of any timely lead plaintiff movant.

Morever, the Trust – a sophisticated institutional investor – is experienced serving as a lead plaintiff and thus capable of managing this litigation efficiently, effectively and in the best interests of the class. *See In re Critical Path, Inc. Secs. Litig.*, 156 F.Supp.2d 1102, 1112-13 ("Congress has endeavored to ensure that the lead plaintiff will be, as in this case, an institutional investor skilled in the practice of the securities industry, capable of overseeing the conduct of the litigation"); *see also Takeda* 67 F. Supp. 2d. at 1135-36.

The PSLRA "expressed a preference for ... institutional investors to serve as lead plaintiffs." *Hufnagle v. Rino Int'l Corp.*, CV 10-8695-VBFVBKX, 2011 WL 710676, at *2 (C.D. Cal. Feb. 16, 2011. *See also Naiditch v. Applied Micro Circuits Corp.*, 01-CV-0649-K-AJB, 2001 WL 1659115 (S.D. Cal. Nov. 5, 2001) (PSLRA's legislative history makes clear Congress's preference that large institutional investors should serve as lead plaintiffs). Moreover, courts are especially inclined to favor institutional investors when the alternative would be a "group of unrelated investors"

No. CV11-2645-VBF (PJWx)
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF LOCALS 302 AND 612 OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS-EMPLOYERS CONSTRUCTION INDUSTRY RETIREMENT TRUST FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL

7

*Hufnagle* 2011 WL 710676 at *2 (quoting *In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 100 (S.D.N.Y.2005).

### C. The Court Should Approve Lead Plaintiff's Choice of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* §21D(a)(3)(B)(v) of the Exchange Act. Thus, the Court should not disturb the lead plaintiff's choice of counsel unless necessary to protect the interest of the plaintiff class. 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa); *see also In re Cavanaugh,* 306 F.3d at 733. In the present case, Movant has retained Cohen Milstein Sellers & Toll, P.L.L.C. to pursue this litigation on their behalf, and will retain this law firm as plaintiff's lead counsel, in the event Movant is appointed lead plaintiff. Cohen Milstein Sellers & Toll, P.L.L.C. possesses extensive experience in the area of securities litigation and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors, as reflected by the firm's résumé attached to the Goldberg Declaration as Exhibit D. Thus, the Court may be assured that, by granting Movant's motion, the Class will receive the highest caliber of legal representation.

### IV. CONCLUSION

For the foregoing reasons, Movant respectfully asks the Court to grant its motion and enter an Order (a) appointing Locals 302 and 612 of the International Union of Operating Engineers-Employers Construction Industry Retirement Trust as lead plaintiff, (b) approving Movant's selection of Cohen Milstein Sellers & Toll, P.L.L.C. as lead counsel for the Class, and granting such other relief as the Court may deem just and proper.

No. CV11-2645-VBF (PJWx)
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF LOCALS 302 AND 612 OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS-EMPLOYERS CONSTRUCTION INDUSTRY RETIREMENT TRUST FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL

8

| | |
|---|---|
| Dated: May 31, 2011 | GLANCY BINKOW & GOLDBERG LLP<br><br>By: /s/ Michael Goldberg<br>Michael Goldberg<br>Lionel Z. Glancy<br>1801 Avenue of the Stars, Suite 311<br>Los Angeles, California 90067<br>Telephone: (310) 201-9150<br>Facsimile: (310) 201-9160<br><br>*Proposed Liaison Counsel*<br><br>COHEN MILSTEIN SELLERS & TOLL, P.L.L.C.<br>Steven J. Toll<br>Julie Reiser<br>1100 New York Ave NW, Suite 500 West<br>Washington, DC 20005-3934<br>Telephone: (202) 408-4600<br>Facsimile: (202) 408-4699<br><br>COHEN MILSTEIN SELLERS & TOLL, P.L.L.C.<br>Christopher Lometti<br>88 Pine Street, 14th Floor<br>New York, NY 10005<br>Telephone: (212) 838-7797<br>Facsimile: (212) 838-7745<br><br>*Attorneys for Movant*<br>*and Proposed Lead Counsel* |

No. CV11-2645-VBF (PJWx)
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF LOCALS 302 AND 612 OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS-EMPLOYERS CONSTRUCTION INDUSTRY RETIREMENT TRUST FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL

9

# PROOF OF SERVICE VIA U.S. MAIL

I, the undersigned, say:

I am a citizen of the United States and am employed in the office of a member of the Bar of this Court. I am over the age of 18 and not a party to the within action. My business address is 1801 Avenue of the Stars, Suite 311, Los Angeles, California 90067.

On May 31, 2011, I caused to be served the following documents:

1. **NOTICE OF MOTION AND MOTION OF LOCALS 302 AND 612 OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS-EMPLOYERS CONSTRUCTION INDUSTRY RETIREMENT TRUST FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL**

2. **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF LOCALS 302 AND 612 OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS-EMPLOYERS CONSTRUCTION INDUSTRY RETIREMENT TRUST FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL**

3. **DECLARATION OF MICHAEL GOLDBERG IN SUPPORT OF MOTION OF LOCALS 302 AND 612 OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS-EMPLOYERS CONSTRUCTION INDUSTRY RETIREMENT TRUST FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL**

4. **[PROPOSED] ORDER GRANTING MOTION OF LOCALS 302 AND 612 OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS-EMPLOYERS CONSTRUCTION INDUSTRY RETIREMENT TRUST FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL**

On the following parties:

Sara B. Brody
Sidley Austin LLP
555 California Street
San Francisco, California 94104

**By Mail**: By placing true and correct copies thereof in individual sealed envelopes, with postage thereon fully prepaid, which I deposited with my employer for collection and mailing by the United States Postal Service. I am readily familiar with my employer's practice for the collection and processing of correspondence for mailing with the United States Postal Service. In the ordinary course of business, this correspondence would be deposited by my employer with the United States Postal Service that same day.

1      I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on May 31, 2011, at Los Angeles, California.

_Tia Reiss_